IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL BOHANAN,

    Petitioner,

     v.                                  CASE NO. 2:15-cv-2973

ERNIE MOORE, WARDEN              **CHIEF JUDGE EDMUND
                                                        A. SARGUS, JR.**

                                                     **Magistrate Judge Kemp**

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the Petition (Doc. 5), the Return of Writ (Doc. 7), and Petitioner's reply (Doc. 8). For the reasons that follow, it will be recommended that the Court deny the petition and dismiss this action.

### I. Procedural Background

In an indictment filed on November 24, 2011, the Franklin County, Ohio grand jury charged Petitioner with a total of seven felony counts, including theft and burglary with specifications, relating to two different burglaries which happened in September and October of that year. *Return*, Ex. 1. Petitioner pleaded guilty to the first two counts (both burglary counts) and in an entry filed on July 18, 2012, the trial court sentenced Petitioner to a prison term of 12 years, six years on each count to run consecutively to each other. *Return*, Ex. 4.

Petitioner timely appealed, raising five assignments of error in a consolidated

appeal involving a separate charge of burglary, on which Petitioner had received another six-year consecutive sentence. All of his assignments of error related to sentencing. In a short decision rendered on March 28, 2013, the Tenth District Court of Appeals found that the trial court had not complied with state law (O.R.C. §2929.14(C)) in imposing consecutive sentences, and it remanded the cases for resentencing. *Return*, Ex. 15. The State did not appeal.

Petitioner was resentenced by way of two entries filed on May 21, 2013 to the exact same sentences. *Return,* Ex. 16. He again appealed and asked for counsel to be appointed. The appeals were again consolidated. Without ruling on the motion for appointment of counsel, and because Petitioner failed to file a brief in a timely fashion, both appeals were dismissed on August 15, 2013. *Return*, Ex. 26. Petitioner did not file a timely notice of appeal to the Ohio Supreme Court, but he did move that court on October 30, 2014 for leave to file a delayed appeal. *Return*, Ex. 27. He argued that he did not know about the 45-day time limit for filing an appeal and claimed that the court of appeals erred by not ruling on his motion for appointment of counsel or his motion for transcripts. On December 24, 2014, the Ohio Supreme Court denied his motion. *Return*, Ex. 30.

On October 25, 2015, Petitioner signed the habeas corpus petition which he filed in this Court and declared that he placed it in the prison mailing system on that day. *See Petition*. He raises one claim: that the state court of appeals erred by not appointing counsel to represent him on his second appeal. Respondent argues in the Return that the filing was untimely because the statute of limitations expired on September 30, 2014, more

than thirteen months before Petitioner filed this action. In his reply, Petitioner claims that the state court of appeals' refusal to appoint counsel for him or to provide him with transcripts of the resentencing hearings constitutes an extraordinary circumstance which both justifies equitable tolling of the statute of limitations and excuses any procedural default which might have occurred by his failing to take a timely appeal to the Ohio Supreme Court.

## II.  Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final on September 30, 2013, the day on which his right to appeal to the Ohio Supreme Court from the dismissal of his appeal expired. Consequently, he had one year from that date to file his petition. It was over a year late, having been effectively filed on October 25, 2015, and Petitioner does not argue otherwise.

The statute of limitations contained in §2244(d) is subject to equitable tolling. As the Court of Appeals explained in *Giles v. Beckstrom*, 826 F.3d 321, 325 (6th Cir. 2016).

> "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (internal quotation marks and citation omitted). In order for the limitations period to be tolled equitably based on attorney error, which is the claim here, the error must be "far more serious" than "a garden variety claim of excusable neglect." *Id*. at 651–52, 130 S.Ct. 2549 (internal quotation marks and citation omitted).

The question which Petitioner raises is whether the action of a state court, allegedly in violation of the United States Constitution, in refusing to appoint counsel on an appeal as of right, is the type of extraordinary circumstance which would permit equitable tolling of the federal statute of limitations. There are several problems with that argument. First, any counsel who might have been appointed by the state court of appeals would have had no obligation to advise Petitioner about his obligation to file a

federal habeas corpus action within one year of the date that the state court conviction became final; that counsel would not even have been obligated to pursue an appeal to the Ohio Supreme Court, although she or he would have had to advise Petitioner of the time limit for taking that action.  *See, e.g., Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000)("Whether [Petitioner] had effective assistance of counsel on direct appeal in state court is not relevant to the question of tolling the AEDPA's statute of limitations. A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA's statute of limitations" (footnotes omitted)).   In other words, as far as filing a federal habeas action is concerned, any appellate counsel who might have been appointed in state court  would have had no obligations at all - even the obligation to provide accurate advice about when a federal habeas corpus petition had to be filed.  *See Miranda v. Castro*, 292 F.3d 1063 (9th Cir. 2000)(declining to grant equitable tolling where state court counsel provided inaccurate advice about the federal filing date on the ground that the petitioner had no right to the advice and that it could not have been constitutionally ineffective).

In the end, it was up to Petitioner to learn for himself how long he had, after his state conviction became final, to file in this Court.  His failure to understand that time limit is clearly not the type of extraordinary circumstance which can justify tolling the statute of limitations.  *See Johnson v. United States*, 544 U.S. 295, 311 (2005)("we have never accepted *pro se* representation alone or procedural ignorance as an excuse...");

*Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)("this court has repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling,'" quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) . Nor is the fact that he did not get transcripts of the most recent sentencing proceedings relevant to the issue of equitable tolling. *See Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011)("Standing alone, however, the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling").

Petitioner was apparently aware of the dismissal of his state court appeal at or about the time that it happened. The Court reached this conclusion based on the affidavit he filed in support of his motion for leave to take a direct appeal (*Return*, Ex. 27), where he states under oath that he "had no knowledge that when the Court of Appeals dismissed my appeal for failure to file my brief, that I had 45 days to file a Notice of Appeal to [the Ohio Supreme Court]." He also knew at that time that he had not been appointed counsel. He provides no explanation for why, in the succeeding twelve months, he could not have filed a federal habeas petition. If he were concerned about not having exhausted his state court remedies, he could have filed his motion for a delayed appeal within that twelve-month period, and he could also have filed a petition here and asked for this Court to stay proceedings while he completed the state court process. In short, the absence of counsel for his state court appeal could not have been the reason he did not file a timely federal habeas corpus action. Because that is so, there is no basis for equitable tolling.

In his reply filed in this Court, Petitioner states, for the first time (and not under oath) that the state court did not provide him with timely notice that his appeal had been dismissed. There is nothing in the record supporting this statement. Further, he does not say when he discovered that the appeal had been dismissed, stating only that it occurred "after the time had expired to file an appeal in the Ohio Supreme Court ...." *Reply*, at 3. 28 U.S.C. §2244(d)(1)(D) provides that the statute of limitations runs from, among other dates, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Even if the Court were to accept Petitioner's unsworn statement, contradicting what he told the state courts, about his not having received the state court of appeals opinion in a timely manner, there is nothing in the record indicating either when he did receive it - and therefore no way to calculate the limitations period, or determine that it had not expired by October 25, 2015. That uncertainty prevents Petitioner from relying on §2244(d)(1)(D). *See DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006)("the petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim..."). It also bears noting that Petitioner did not file his federal habeas corpus petition until more than ten months after the Ohio Supreme Court denied his motion for leave to appeal; all of this time counts against the limitations period, so that Petitioner would have to show that he could not have, in the exercise of reasonable diligence, discovered the factual predicate for his claim - the state court of appeals' failure to

appoint counsel for him - until roughly August 31, 2014, and he has not made that showing.

More significantly, there is no evidence that Petitioner exercised any diligence in keeping track of his appeal. He has never asserted that he did not receive the two notices sent out by the state court of appeals, one on July 19, 2013, and one on July 30, 2013, warning him that his appeal would be dismissed for failure to prosecute if he did not file a brief. The state court's online docket shows that those notices were mailed to him (and it also shows that the dismissal order itself was mailed to him). Failing to check on the status of his appeal for more than a year after being told that his appeal was in jeopardy of being dismissed cannot be described as the exercise of due diligence, nor can failing to check on it at all when he knew that no counsel had been appointed and no brief had been filed. These failures also preclude him from relying on §2244(d)(1)(D).

The bar of the one-year limitations period can be overcome, however, if a petitioner makes a sufficient showing of actual innocence. *See, e.g., McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). Petitioner makes no such claim here, however, and the fact that he pleaded guilty and raised only sentencing issues on appeal in the state court precludes any such claim. Consequently, there is no valid basis for not applying the statute of limitations to bar Petitioner's claim.

### III. Recommended Disposition

For the reasons set out above, the Court recommends that the petition for a writ of

habeas corpus be **DENIED** and that this case be **DISMISSED**.

### IV.  Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge